**MOSES TAYLOR LODGE NO. 95 OF BROTHERHOOD OF RAILROAD TRAINMEN et al. v. DELAWARE, L. & W. R. CO.**

**Civil Action No. 681.**

District Court, M. D. Pennsylvania.

June 26, 1941.

Alphonsus L. Casey, of Scranton, Pa., for plaintiffs.

Gomer W. Morgan, of Scranton, Pa., for defendant.

WATSON, District Judge.

This case is before the Court for disposition of a motion to dismiss the complaint.

In the plaintiffs' complaint, it is alleged that the individual plaintiffs are members of the plaintiff Moses Taylor Lodge No. 95 of the Brotherhood of Railroad Trainmen; that the Lodge is a Pennsylvania unincorporated association; that the members of the Lodge are engaged in interstate commerce; that the defendant, a Pennsylvania

corporation, is engaged in interstate commerce; that, by certain acts not here material, the plaintiffs were deprived of their rights under a certain contract between the defendant and the plaintiffs. The plaintiffs moved for a temporary injunction and a hearing was duly held thereon. At the hearing, the defendant moved to dismiss the complaint upon the ground, inter alia, that the Court was without jurisdiction. The Court, thereupon, adjourned the hearing pending the determination of the jurisdictional question.

The plaintiffs contend that this Court has jurisdiction because the case is one arising under the Constitution or laws of the United States and the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000.

■■■ The plaintiffs contend that their case arises under the Fifth and Fourteenth Amendments to the Constitution of the United States, in that their property (not specified) has been taken without due process of law contrary to the provisions of those amendments. This contention is clearly without merit. The Fifth Amendment " 'is a limitation only upon the powers of the General Government'. Talton v. Mayes, 163 U.S. 376, 382, 16 S.Ct. 986, 988, 41 L. Ed. 196, and not directed against the action of individuals." Corrigan v. Buckley, 271 U.S. 323, 330, 46 S.Ct. 521, 523, 70 L.Ed. 969. Similarly, the Fourteenth Amendment has no application to the action of individuals, but is a restriction on the powers of the states. Davidow v. Lachman Bros. Inv. Co. et al., 9 Cir., 76 F.2d 186; Mason v. Hitchcock et al., 1 Cir., 108 F.2d 134, and cases cited therein. The actions complained of by the plaintiffs cannot be considered other than as those of individuals as distinguished from a sovereign and the amendments referred to cannot apply. The plaintiffs further contend that the case arises under Section 20 of the Clayton Act, 29 U.S. C.A. § 52, which deals with certain limitations upon the power of courts to grant injunctions. It is clear that the plaintiffs' action does not arise under that section of the Clayton Act. Assuming that the Clayton Act is applicable to the present controversy, it does not affect the rights of the parties but only the relief which may be accorded them. It is true, as contended by the plaintiffs, that Rule 65 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, specifically excepts Section 20 of the Clayton Act from the provisions of the Rule.

However, neither Rule 65 of the Rules of Civil Procedure nor Section 20 of the Clayton Act purport to confer jurisdiction upon the courts, but rather they restrict the power of the courts to act in cases in which they have already acquired jurisdiction.

■■ The district courts of the United States derive their jurisdiction wholly from authority conferred upon them by Congress, and, unless some statute of the United States authorizes this action, the Court is without jurisdiction. Except as above noted, the plaintiffs have not offered any authority in support of their contention that this Court has jurisdiction, and the Court has been unable to find such authority. Therefore, the question of jurisdiction being decisive, there is no necessity of considering any other features of the case, and the complaint must be dismissed.

It is ordered that the complaint in the above entitled case, be and it is hereby, dismissed.