**NATIONAL FARMERS UNION PROPERTY & CASUALTY CO.,**
Appellant,

v.

**Leo FISHER,** Appellee.

**No. 16427.**

United States Court of Appeals
Eighth Circuit.

Dec. 8, 1960.

Ira C. Peterson, Jr., Minneapolis, Minn., Robert J. Healy, Minneapolis, Minn., on the brief, for appellant.

Miles B. Zimmerman, Mankato, Minn., Robert J. Sheran, Mankato, Minn., on the brief, for appellee.

Before SANBORN, WOODROUGH and MATTHES, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment for the defendant, Leo Fisher (appellee), in an action brought against him by the National Farmers Union Property & Casualty Co., of Utah, (hereafter referred to as "National") upon the claim that it was entitled to contribution from him for one-half of $20,250 which it had paid to Robert J. Murray in settlement of a personal injury action brought by Murray against John Koppi and Robert Ackerman, growing out of an automobile collision in which both Ackerman and Fisher were involved. Jurisdiction was based upon diversity of citizenship and amount in controversy. It was tried to the court with a jury, which returned a verdict upon which judgment for the defendant was entered.

The complaint alleged diversity of residence, rather than diversity of

citizenship. The record as a whole is convincing that diversity of citizenship did in fact exist. We feel justified in treating the complaint as having been amended to conform to the proof in that regard. We shall appreciate it if the trial judges will carefully scrutinize, and have corrected if necessary, those allegations of the pleadings which are essential to establish federal diversity jurisdiction in cases such as this. See Texaco-Cities Service Pipe Line Co. v. Aetna Casualty & Surety Co., 8 Cir., 283 F.2d 144.

The facts in this case are not in dispute. National was the automobile liability insurer of John Koppi and anyone driving his car with his consent. On May 29, 1954, the Koppi car, while being driven by Robert Ackerman with Koppi's consent, collided head-on with a car driven by Leo Fisher on a public highway in Murray County, Minnesota. The occupants of both cars were injured. Two passengers in the Koppi car, Carter and Barrie, each brought an action in the State District Court for Murray County against both Fisher and Ackerman (and Koppi) to recover damages for personal injuries resulting from the collision. Fisher, in the State court actions cross-claimed for his injuries against Ackerman, and Ackerman cross-claimed for his injuries against Fisher. Each asserted that the other's negligence was the cause of the collision. The State court actions were consolidated for trial, and tried to a jury on April 11–13, 1956. The jury determined that both Ackerman and Fisher were negligent, that the collision was the result of their concurrent negligence, that neither was entitled to recover damages from the other, and that they were jointly and severally liable to Carter and Barrie for damages. Judgment was entered on the verdict or verdicts.

In its complaint in the instant case, filed March 26, 1959, National alleged that subsequent to the collision, Robert J. Murray, who was a passenger in the Fisher car, brought an action in the federal District Court against John Koppi and Robert Ackerman to recover damages for the personal injuries Murray sustained in the collision; that National on June 8, 1955, on behalf of its insured, Koppi and Ackerman, paid Murray $20,250 in settlement of his action, and thereby became subrogated to the rights of Koppi and Ackerman against Fisher for contribution; that the negligence of Fisher in the operation of his car contributed to Murray's injuries; and that in an action brought in State court against both Ackerman and Fisher by Wayne Carter, a passenger in the Koppi car, for injuries sustained by him in the collision, Ackerman and Fisher each had cross-claimed against the other for their respective injuries (paragraph VIII of the complaint). The complaint contained the following paragraph numbered IX:

"That said action by Wayne Carter against Robert Ackerman and Leo Fisher was tried to a jury at Slayton, Minnesota April 11, 12 and 13, 1956 and resulted in verdicts in favor of Wayne Carter against defendants Ackerman and Fisher, and findings by the jury in answer to special Interrogatories that both Robert Ackerman and Leo Fisher were negligent in the operation of the automobile of each at the time and place of the accident and that the negligence of each was a proximate cause of the collision; that judgments were entered against each of said defendants upon his crossclaim against the other defendant; that said proceedings are res adjudicata of the rights of plaintiff against defendant for contribution for one-half the amount plaintiff paid said Robert J. Murray on behalf of John Koppi and Robert Ackerman."

The answer of Fisher, filed April 24, 1959, denied that the accident was caused by his negligence, and denied that the verdict and judgment in the State court action by Carter could be or was *res judicata.*

On May 26, 1959, Fisher filed a motion to strike the allegations of paragraphs VIII and IX of the complaint. On August 7, 1959, the trial court granted the motion. On August 20, 1959, the plaintiff moved for leave (1) to reargue the motion to strike those paragraphs of the complaint; (2) to amend paragraph IX of the complaint to read as follows:

"That said actions by Robert Ackerman against Leo Fisher and by Leo Fisher against Robert Ackerman, each for their injuries and damages, were tried to a jury at Slayton, Minnesota, April 11, 12, and 13, 1956 and resulted in verdicts and findings by the jury in answer to special Interrogatories that both Robert Ackerman and Leo Fisher were negligent in the operation of each of their automobiles at the time and place of the accident and that the negligence of each was a proximate cause of the collision; that judgments were entered against Robert Ackerman and Leo Fisher upon the Cross-Claim of each against the other; that by virtue of said proceedings, defendant Leo Fisher herein is estopped to deny the allegations of this Complaint that he was negligent in the operation of his automobile at the time and place of the collision and that said negligence was a proximate cause of the collision referred to above.";

and (3) to amend the complaint by adding the following paragraph X:

"That Robert Ackerman was negligent in the operation of the automobile he was driving at the time and place of the accident referred to above and that said negligence contributed, with the negligence of the defendant in this action, as a proximate cause, to the accident and injuries and damages sustained by Robert Murray. That plaintiff is entitled to judgment against defendant, by way of contribution, for one-half the amount plaintiff paid said Robert J. Murray on behalf of John Koppi and Robert Ackerman."

The trial court granted a rehearing of the defendant's motion to strike the allegations of the complaint with respect to *res judicata* and estoppel. The complaint was amended at the rehearing as National requested. The defendant again moved to strike both the original and amended allegations relating to the claimed estoppel of Fisher to relitigate as against National the question of his alleged contributory actionable negligence in the operation of his car at the time and place of the collision. In granting the defendant's motion to eliminate from the case any issue of *res judicata* or estoppel, the court, after discussing the applicable Minnesota law, said:

"Neither as a bar nor estoppel by verdict can an issue become res adjudicata in favor of a litigant unless it has been adjudicated in his favor and against his adversary on issue actually joined and litigated as between them. The right of action for contribution must necessarily grow out of the claim in favor of the injured passenger, here Murray, against both alleged tort feasors. Since the plaintiff here has not shown that Fisher has been adjudged negligent as to Murray, then it should not be excused from proving that such negligence caused Murray's alleged injuries. Fisher never has had his day in court as to his alleged negligence to his passenger Murray."

Thereafter the case was tried and submitted to a jury on the issue of Fisher's alleged contributory negligence. In answer to a special interrogatory, the jury found that Fisher had not been negligent. Based on the jury's verdict, judgment was entered for Fisher and against National.

■ The question for decision by this Court is whether the trial court reached a permissible conclusion in ruling that, under applicable Minnesota law, the determination in the State court actions of Barrie and Carter that Ackerman and Fisher were both negligent, that their concurrent negligence caused the colli-

sion and the injuries resulting from it, and that neither Ackerman nor Fisher was entitled to judgment against the other for damages, did not preclude Fisher from again litigating in this action by National for contribution the issue of his negligence.

■ The Minnesota rule of *res judicata* and related collateral estoppel is the same as the general rule almost universally applicable. In United States v. Munsingwear, Inc., 340 U.S. 36, 38, 71 S.Ct. 104, 105, 95 L.Ed. 36, the United States Supreme Court referred to the "classic statement of the rule of *res judicata* in Southern Pacific R. Co. v. United States, 168 U.S. 1, 48–49 [18 S.Ct. 18, 27, 42 L.Ed. 355]," reading as follows:

> "The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified."

See, also, Cromwell v. County of Sac, 94 U.S. 351, 352–353, 24 L.Ed. 195; Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597–598, 68 S.Ct. 715, 92 L.Ed. 898; Swank v. St. Paul City Railway Co., 61 Minn. 423, 63 N.W. 1088; Smith v. Smith, 235 Minn. 412, 416–417, 51 N.W.2d 276, 279, 32 A.L.R.2d 1135, 1141; Bunge v. Yager, 236 Minn. 245, 247 et seq., 52 N.W.2d 446, 447 et seq.; Miller v. Simons, 239 Minn. 523, 528, 59 N.W.2d 837, 840; Cable v. Lacey, 257 Minn. 352, 101 N.W.2d 594, 598–600; National Surety Corp. of New York v. Ellison, 8 Cir., 88 F.2d 399, 405–406.

The rule is not difficult to state, but it is not always easy to apply. In the instant case, Ackerman and Fisher were unquestionably adversaries in the State court litigation, because of their cross-claims.[1] It was certainly determined in that litigation, by a court of competent jurisdiction, that the collision in suit was due to their concurrent negligence. That surely settled that question as between themselves, those in privity with them, and the other parties to the State court actions. National was the liability insurer of, and in privity with, Ackerman and Koppi. Upon settling the action of Murray against them, National became subrogated to whatever rights Ackerman and Koppi would have had against Fisher for contribution in the event they had themselves settled the Murray action. National does not contend that the judgment or verdict in the State court litigation conclusively established the liability of Fisher to Murray, his passenger. National's contention is that, as a result of the State court litigation, Fisher is estopped from asserting as against National or Ackerman that the collision did not result from the concurrent negligence of Fisher and Ackerman. We think that after the determination of the State court litigation, Ackerman, Fisher and their automobile liability insurers were precluded, in any action actually or in legal effect between them, from denying that the collision resulted from such concurrent negligence. It is the rights of Ackerman against Fisher for contribution upon which National's claim is based.

It is our opinion that, under applicable Minnesota law, Fisher, in this action by National for contribution, was bound by the determination in the State court litigation that the collision in suit was caused by his negligence and that of Ackerman. We think that if National can prove what it alleged in its amended complaint, it will be entitled to judgment, unless Fisher can establish that, notwith-

---

1. If they had not been adversaries, the determination that the collision was due to their concurrent negligence would not have been *res judicata* as between them in subsequent litigation. Bunge v. Yager, supra, pages 249–255 of 236 Minn., pages 448–451 of 52 N.W.2d.

standing the fact that his negligence contributed to the collision and its results, Murray had no right of redress against him.

The judgment appealed from is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.