EMPLOYERS CASUALTY COMPANY,
Plaintiff,

v.

KLINE OLDSMOBILE, INC. and Gary
Marler, Defendants.

No. 4-62-Civ. 168.

United States District Court
D. Minnesota,
Fourth Division.

Nov. 16, 1962.

David A. Bailly, Cragg, Barnett &
Austin, Minneapolis, Minn., for plaintiff.

O. C. Adamson, II, Meagher, Geer,
Markham & Anderson, Minneapolis,
Minn., for defendant Gary Marler.

James H. Geraghty, Altman, Geraghty
& Mulally, St. Paul, Minn., for defendant Kline Oldsmobile, Inc.

DEVITT, Chief Judge.

This is an action for a Declaratory
Judgment brought by Employers Casualty Company, a Texas corporation, the
principal place of business of which is in
Texas, against Kline Oldsmobile, Inc.,
and Gary Marler, both citizens of Minnesota.

The parties have stipulated all of the
pertinent facts.

Plaintiff issued a policy of liability insurance to defendant Kline Oldsmobile
on April 1, 1961, which contained the following Exclusions:

This policy does not apply:

(f) * * * to any obligation for
which the insured or any carrier as
his insurer may be held liable under

any workmen's compensation, unemployment compensation or disability benefits laws, or under any similar law;

(g) * * * except with respect to liability assumed by the insured under a contract as defined herein, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of his employment by the insured * * *.

It appears from the Stipulation of Fact that on April 23, 1962, while the insurance policy was in force, defendant Marler, then a prospective customer of defendant Kline Oldsmobile, was driving a vehicle owned by Kline. James D. Smith, a car salesman for Kline Oldsmobile, who was then in the course of his employment, was riding in the car with Marler. The vehicle was involved in an accident and Smith allegedly sustained personal injuries. Smith commenced a civil action in the Hennepin County District Court against Marler and Kline alleging negligence on the part of Marler and ownership of the vehicle by Kline.

Plaintiff has refused to defend the state court action, claiming that the provisions of the policy set out above exempt it from liability. Plaintiff now brings this action in the federal court for a declaration of no liability on its part.

■■ It is well settled that the Declaratory Judgments Act does not of itself create jurisdiction; it merely adds an additional remedy where the district court already has jurisdiction to entertain the suit. Wells v. United States, 280 F.2d 275, 277 (9th Cir., 1960). And as it must be in every federal case, the threshold inquiry here is whether we have such jurisdiction. "This question the court is bound to ask and answer for itself, even when not otherwise suggested * * *." Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884). The Federal Rules of Civil Procedure require us to dismiss an action "whenever it appears by suggestion of the parties or *otherwise* that the court lacks jurisdiction * * *" Federal Rules of Civil Procedure, rule 12(h) (2). Our superiors in commission on the Court of Appeals constantly enjoin us to be attentive to a satisfaction of the jurisdictional requirements in all cases. See, e. g., National Farmers Union Property & Casualty Co. v. Fisher, 284 F.2d 421, 423 (8th Cir., 1960). They readily direct dismissal of a case lacking the jurisdictional requirements when it is discovered at the appellate level. Kern v. Standard Oil Co., 228 F.2d 699 (8th Cir., 1956).

Here, as this is a diversity case, in addition to satisfying ourselves that an actual diversity in the citizenship of the parties exists (it apparently does), we must also be satisfied that the amount in controversy is in excess of $10,000 as required by the statute. 28 U.S.C.A. § 1332.

■ While the answers admit the allegations that the sum in controversy is in excess of $10,000 and the fact stipulation of the parties so provides, the court is not thereby bound to accept jurisdiction as a matter of course. While the value claimed in the complaint is a usual test for determining the jurisdictional amount, St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938) we need not accept such assertion of the proper jurisdictional amount without proof. Kaufman v. Liberty Mutual Ins. Co., 245 F.2d 918 (3rd Cir., 1957).

■ The plaintiff seeks this jurisdiction. It must prove its entitlement to it. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). In McNutt the court said that the prerequisites to the exercise of jurisdiction "are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor." Further therein it is said that the court may "insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging ju-

risdiction justify his allegations by a preponderance of evidence."

In dealing with the "jurisdictional amount" aspect of the problem, it must be remembered that the "in excess of $10,000" requirement is of recent origin. Prior to 1958, the amount required was $3,000. This smaller sum presented relatively few jurisdictional difficulties because it was the rare case, especially in the personal injury field, in which the evidence, viewed prospectively, would not support a valid claim for $3,000. Today, however, the $10,000 requirement affords us a more accurate basis for discriminating between the real and the spurious federal case. Many cases are filed in which the provable damages are obviously far below $10,000 and yet an amount in excess of that figure is alleged for the sole purpose of qualifying the suit for Federal District Court jurisdiction. The federal courts have become responsive to this. It has resulted in the dismissal of those cases in which the invocation of jurisdiction was found to be "colorable." See, e. g., Matthiesen v. Northwestern Mutual Ins. Co., 286 F.2d 775 (5th Cir., 1961). Our own Circuit Court of Appeals has stated:

> "We shall appreciate it if the trial judges will carefully scrutinize * * those allegations of the pleadings which are essential to establish federal diversity jurisdiction."

National Farmers Union Property & Casualty Co. v. Fisher, 284 F.2d 421, 423 (8th Cir., 1960). Adhering to this admonition, this Court has recently dismissed, on its own motion, a number of cases in which a careful examination of the pleadings, affidavits, medical reports, depositions and interrogatories satisfied the Court that the claim in excess of $10,000 was "colorable." See, e. g., Hahn v. Eslinger, 4–62–Civ–230 (D.Minn. 1962); Nomeland v. Miller, 4–62–Civ– 107 (D.Minn.1962); Cotton v. De-Freeuw, 4–61–Civ–332 (D.Minn.1962); Gunness v. Minneapolis Boxing and Wrestling Club, 4–61–Civ–94 (D.Minn. 1962); Sampson v. Fisher Nut Co., 3– 61–Civ–140 (D.Minn.1962).

From the pleadings, files and records now available, it does not appear to the satisfaction of the Court that this case involves a sum in excess of $10,-000. The plaintiff will be afforded an opportunity to show by affidavit, deposition, oral testimony or otherwise, that the proper jurisdictional amount is involved.

As has been pointed out, this case is an adjunct to the main action now pending in the state court. In recent years it has not been an uncommon practice for insurance carriers, when entertaining doubt as to their legal duty to furnish defense in certain liability cases, to either defend under a reservation of rights or to deny liability, and at the same time to come to the federal court to secure a declaration of their legal responsibility under their insurance contract. Counsel in this case readily admits that it came to the federal court because it wanted an interpretation of the law prior to the time when the main action would be reached in the state court some time during the year 1964.

While the Declaratory Judgments Act is a meritorious piece of legislation, affording litigants ready access to the federal courts in proper cases where the requisite jurisdictional requirements are met, it is very doubtful if the framers of that law in preparing it, or the Congress in enacting it, contemplated that the federal courts would be called upon, indiscriminately, to render legal advisory service to insurance companies in connection with the defense of liability claims brought against their insureds in state courts. In effect, the federal courts in this District have been asked routinely to afford legal advice to the general counsels of insurance companies in cases where it appeared that there was some plausible basis for a denial of liability. It is appreciated that the substantial differential between the time when a case is ready for trial and when it is actually tried that exists in the state, vis-a-vis the federal, courts

makes it advantageous for insurance carriers to seek these interpretations in the federal courts.

■ But it must be pointed out that our Declaratory Judgments Act, 28 U.S.C.A. § 2201, does not vest an absolute right in the litigant to use the federal facilities for this purpose. The court is vested with discretion to entertain such suits. The Act specifically provides that the court "may declare the rights" of the parties. We have only recently exercised our discretion under this statute by refusing to entertain a request for a declaration of rights where the requested relief was readily available in the state court since the issue which we were called upon to decide was already framed and awaiting trial in the state court. Westchester Fire Ins. Co. v. Larson, 199 F.Supp. 224 (D.Minn.1961).

In this case it appears that the plaintiff may well proceed expeditiously in the Hennepin County State Court to obtain a declaration of its rights. See the Minnesota Declaratory Judgments Act, M.S.A. § 555.01 et seq., Rule 57, Minnesota Rules of Civil Procedure, and Rule 4, Special Rules of the Fourth Judicial District, 27A M.S.A. p. 265. In view of these provisions of the law and pertinent rules which afford plaintiff an adequate and speedy remedy in the very court where the main action is pending, it is doubtful, assuming the requisite jurisdictional amount is shown to exist, that we would be inclined, in the exercise of our discretion, to make a declaration of the plaintiff's rights in this case. See generally, Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).

The plaintiff may have 30 days within which to file its notice of motion for a hearing wherein it may make a showing by affidavit, deposition, oral testimony or otherwise, that the jurisdictional requisites are satisfied.

Absent the filing of such a motion within 30 days of the filing of this Memorandum and Order, the Clerk is directed to dismiss this action.