**Donald Ernest KOCH, Appellant,**

v.

**Rudolph ZUIEBACK, Appellee.**

**No. 17506.**

United States Court of Appeals
Ninth Circuit.

March 21, 1963.

Rehearing Denied May 24, 1963.

1

**2**

J. B. Tietz, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Donald A. Fareed, Asst. U. S. Atty., Chief, Civil Division; and Frederick M. Brosio, Jr., Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before JERTBERG and DUNIWAY, Circuit Judges, and DAVIS, District Judge.

DAVIS, District Judge.

Appellant's complaint was dismissed by the District Court for lack of jurisdiction, and appellant appeals.

The complaint in the District Court is a detailed statement of allegations wherein the plaintiff claims that the defendant, Zuieback, as Chairman of Draft Board 103, Los Angeles, California, and the other defendants, as members and employees of said Board, subjected plaintiff to harassment, delay, uncertainty and suspense regarding his draft status over a period of ten years; that such action was wilful and malicious and outside the scope of their official duties; that the plaintiff was damaged thereby, and praying for general and punitive damages.

Zuieback (the only defendant served) filed a motion to dismiss which was granted on the ground that the Court lacked jurisdiction of the subject matter, and on the further ground that the complaint failed to state a claim upon which relief could be granted. The court on its own motion dismissed the action as to all other defendants.

For a detailed summary of the allegations of the complaint, reference is made to the very complete and very excellent opinion of the District Court, reported in 194 F.Supp. 651, which we hereby confirm.

I. Action may be maintained under the *Fifth* Amendment to the United States Constitution.

██ Appellant is in error as the Fifth Amendment imposes limits upon the federal government, but not upon action by states or by individuals. The actions complained of are alleged to be beyond the scope of the official authority of the defendants, and hence relate to them as individuals. Bell v. Hood, D.C., 71 F.Supp. 813, 817; Johnston v. Earle, 9 Cir., 245 F.2d 793.

II. The action may be maintained under 42 U.S.C.A. § 1985(3).

 Clearly, the present weight of authority is that in order for § 1985(3) to serve as the basis for a cause of action for damages, at least some of the persons conspiring must be acting under color of state law. Such an allegation is wholly lacking in the plaintiff's complaint. At most it can only be said that the plaintiff alleges that the acts complained of were committed by the defendants, either as federal officials under color of federal law, or acting as individuals beyond the scope of their official authority. Neither claim is a sufficient basis for action under 42 U.S.C.A. § 1985(3).

III. The third basis upon which appellant asserts the right to maintain this action is pursuant to the Universal Military Training and Service Act.

██ Although appellant fails to designate any specific language of the act giving the United States District Court jurisdiction of this type of action, he contends that the fact that he is subjected to the provisions of the act would have entitled him to maintain an action in federal court for any abuse claimed to arise as the result of the administration of the act. No provision of the act supports appellant's contention.

Federal courts being courts of limited jurisdiction, authority to entertain actions cannot be conjured out of thin air, but must be expressly or impliedly granted by an act of Congress.

Appellant contends that authority for maintaining this action is to be found in Townsend v. Zimmerman, 6 Cir., 237 F.2d 376, but this is not so. In the Townsend case the selective service registrant sought an injunction to prevent his induction into military service until such time as his appeal was considered by the proper board of appeals. The maintenance of such an action cannot serve as the basis for jurisdiction to entertain an action for damages.

In passing, it might be observed that if the petitioner had invoked the remedy in the Townsend case, he could have materially allayed his apprehension during the protracted period of time involved in processing his appeal.

It appearing that such action was correct, the order of the District Court dismissing plaintiff's complaint against the defendant, Rudolph Zuieback, and against all of the other named defendants, is hereby affirmed.