Stephen M. PETERSON, Plaintiff,

v.

Richard SEARS et al., Defendants.

Civ. No. 64-C-523-EC.

United States District Court
N. D. Iowa, E. D.
Dec. 2, 1964.

Leo Ballard, Des Moines, Iowa, for plaintiff Stephen M. Peterson.

Robert A. Maddocks, Wright County Atty., Clarion, Iowa, for defendant Ethel C. West, Auditor for Wright County.

William C. Ball, Atty., Waterloo, Iowa, for defendant Richard Sears, Auditor of Black Hawk County.

McMANUS, Chief Judge.

This matter is before the court on plaintiff's Complaint filed November 27, 1964, for a "temporary injunction", seeking to enjoin certain county auditors in the Third Congressional District of Iowa from unlocking the voting machines used in their respective counties in connection with the general election held November 3, 1964. The court, with plaintiff's concurrence, treated the Complaint as seeking a temporary restraining order or preliminary injunction under Rule 65, F.R.Civ.P. Hearing on the Application for a temporary restraining order or preliminary injunction was held in this court on December 2, 1964, four days' notice thereof having been served on defendants. Written appearances were entered for defendants Richard Sears, Auditor of Black Hawk County, and Ethel C. West, Auditor of Wright County, the latter filing resistance to the granting of an injunction for lack of jurisdiction and other grounds. At the

hearing, only counsel for the plaintiff was present. Neither defendants nor their counsel were in attendance. Counsel for plaintiff offered no evidence but made argument and the matter was submitted.

In his Complaint, plaintiff alleges that he is a resident of Black Hawk County, Iowa, and was the Democratic candidate for the office of Congressman from the Third District of Iowa in the general election held November 3, 1964; that "a preliminary county-by-county canvass" indicated that his opponent, H. R. Gross, was the successful candidate by approximately 400 votes; that it is plaintiff's intention to contest his opponent's election; that Section 52.22, Iowa Code Annotated 1962 provides that voting machines shall remain locked until thirty days after the proclamation of the results of the election; that the result of the election in question will not be officially known until the State Canvass Board completes its canvass and declares whom is elected, which generally occurs on or about December 10 to 15, following the November election, all in compliance with Chapter 50, Iowa Code Annotated 1962; that one foundation for a successful election contest is unviolated ballots and voting records; that the voting machines may be opened or unlocked violating the voting machine records prior to the determination of the winner by the State Canvass Board which is a condition precedent to an election contest for a congressional seat; that, therefore, unless defendants are enjoined, plaintiff will be irreparably injured and has no adequate remedy of law.

The threshold of inquiry in every federal case is whether the court has jurisdiction. National Farmers Union Property and Casualty Co. v. Fisher, 284 F.2d 421 (8 Cir.1960); Employers Casualty Co. v. Kline Oldsmobile, Inc., 210 F.Supp. 269 (D.Minn. 1962). Lack of jurisdiction of the subject matter of litigation cannot be waived by the parties or ignored by the court and, if jurisdiction is lacking, the trial court should, on its own motion, decline to proceed in the case. Kern v. Standard Oil Co., 228 F.2d 699 (8 Cir. 1956); United States v. Corrick, 298 U.S. 435, 56 S.Ct. 829, 80 L.Ed. 1263 (1936). A plaintiff seeking to invoke the jurisdiction of the court must prove his entitlement to it. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Employers Casualty Co. v. Kline Oldsmobile, Inc., supra. The jurisdiction of the federal courts is dependent upon the subject matter of the action or the status of the parties. It is not dependent upon the merits of the case. Geneva Furniture Mfg. Co. v. S. Karpen & Bros., 238 U.S. 254, 35 S.Ct. 788, 59 L.Ed. 1295 (1915); 1 Barron & Holtzoff, Federal Practice and Procedure § 21, n. 3, 4.

The district courts of the United States derive their jurisdiction wholly from authority conferred upon them by Congress, and, unless some statute of the United States authorizes plaintiff's action, the court is without jurisdiction. Moses Taylor Lodge No. 95 et al. v. Delaware, L. & W. R. Co., 39 F.Supp. 456, 457 (D.C.1941); Koch v. Zuieback, 316 F.2d 1 (9 Cir.1963). The fact that plaintiff seeks a temporary restraining order under Rule 65, F.R.Civ.P., does not of itself confer jurisdiction. Rule 65 (governing injunctions) does not purport to confer jurisdiction upon the courts but rather restricts the power of the courts to act in cases in which they have already acquired jurisdiction. Moses Taylor Lodge No. 95 et al. v. Delaware, L. & W. R. Co., supra.

Plaintiff has failed to call the court's attention to any federal statute which either expressly or by reasonable implication would give the court jurisdiction of this action. Neither has the court been able to find any such authority. In fact, it would appear that under Article I, Section 5 of the United States Constitution, jurisdiction to pass on the election, returns and qualifications of its own members is exclusively vested in each House of Congress. See, Keogh v. Horner, 8 F.Supp. 933 (D.C.1934); Johnson v. Stevenson, 170 F.2d 108 (5

**14**

Cir. 1948); Odegard v. Olson, 264 Minn. 439, 119 N.W.2d 717 (1963).

In view of the foregoing, the matter of jurisdiction being decisive, there is no necessity of considering any other questions or the merits of the case, and the Complaint must be dismissed. It is therefore

Ordered

That plaintiff's Complaint, filed November 27, 1964, is dismissed for lack of jurisdiction.