LAKE LANSING SPECIAL ASSESS-
MENT PROTEST ASSOCIATION,
Plaintiff,

v.

INGHAM COUNTY BOARD OF COM-
MISSIONERS, Ingham County Board of
Public Works, Office of Drain Commis-
sioners, and Meridian Township, De-
fendants.

No. G-78-648.

United States District Court,
W. D. Michigan, S. D.

April 16, 1980.

Lance Fertig and James D. Lovewell, Lansing, Mich., for plaintiff.

David VanderHaagen of Foster, Swift, Collins & Coey, Lansing, Mich., for Meridian Twp.

Joseph A. Fink of Dickinson, Wright, McKean, Cudlip & Moon, Lansing, Mich., for Ingham County defendants and Office of Drain Commissioner and Co-Counsel for Ingham County Bd. of Public Works.

Larry Salstrom of Peter Cohl and Associates, Lansing, Mich., for Ingham County Bd. of Com'rs, Office of Drain Commissioner and Co-Counsel for Ingham County Bd. of Public Works.

## OPINION ON DEFENDANTS' MOTION TO DISMISS

ENSLEN, District Judge.

Plaintiff filed a Complaint on September 15, 1978, seeking to invoke the jurisdiction of this Court, and seeking injunctive and declaratory relief. At approximately the same time Plaintiff filed a substantially similar suit in the State Court seeking the same type of relief, and subsequently, has filed an action in the Michigan Tax Tribunal.

Plaintiff contends, among other things, that Defendants' establishment of a special assessment district was arbitrarily and capriciously formulated in such a manner that certain constitutional rights of the Plaintiff (taxpayers) were violated. Plaintiff also contends that no plain, efficient and speedy remedy exists in the State Courts to redress the wrongs which they (taxpayers) have allegedly suffered.

Plaintiff took no action on its Complaint in this Court, but apparently pursued its State remedies. It appeared before the Circuit Court in Ingham County, Michigan where its Complaint was dismissed by an Accelerated Judgment. Plaintiff then appealed to the Michigan Court of Appeals, where the matter is presently pending. Plaintiff also has the same matter pending before the Michigan Tax Tribunal.

On March 3, 1980 Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction, and also requested Leave to File an Amended Twelfth Affirmative Defense, and to drop the Office of Drain Commissioners as party Defendant.

On April 4, 1980 Plaintiff filed an amended Complaint, adding additional jurisdictional averments and a new claim, Count VII. Plaintiff, at this time, also filed a Memorandum in support of its position. Defendant filed two legal memoranda in support of Defendants' position.

Plaintiff's Motion to Amend its Complaint was granted, during oral argument, on April 11, 1980. Defendants' Motion to Dismiss was granted, following argument, and, consequently, no ruling was made on Defendants' Motions for Leave to Amend, etc.

Essentially Defendants argue that their Motion to Dismiss ought to be granted because:

(1) This Court lacks subject matter jurisdiction, and

(2) 28 U.S.C. § 1341 further bars this Court from taking jurisdiction over Plaintiff's Complaint.

### JURISDICTION GENERALLY

Rule 8(a) FRCP states, in part:

a) Claim for relief. A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends, unless the Court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it . . .

Plaintiff, in its original Complaint, and in its Amended Complaint, relies, for jurisdiction, upon the following assortment of legal authority:

(1) *28 U.S.C. § 2201*

(2) *FRCP 57*

Plaintiff seeks to confer jurisdiction upon this Court for declaratory relief under the Statute and Rule above cited. Both the Statute and the Court Rule refer to declaratory relief.

The Supreme Court has held that the Declaratory Judgment Act 28 U.S.C. §§ 2201 and 2202 is procedural in nature and cannot serve as a basis for federal jurisdiction. *Skelly Oil Company v. Phillips Petroleum Company*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); *King v. Sloane*, 545 F.2d 7 (CA 6, 1976).

In *James v. Ambrose*, 367 F.Supp. 1321 at p. 1324 (D.Virgin Islands 1973), the court stated:

[I]t is clear that the aforesaid statutes (28 U.S.C. 2201 and Rule 57) cited and relied upon by the Plaintiff (to confer jurisdiction upon the Court) do not themselves confer subject matter jurisdiction; these statutes are procedural and only provide

for remedies which this Court may give in actions otherwise within its jurisdiction.

The Statute and the Court Rule, then, do not extend the jurisdiction of the District Court to cases not otherwise within the competence of the Court.

(3) *28 U.S.C. § 1331*

Plaintiff (taxpayers) further attempt to invoke this Court's jurisdiction under 28 U.S.C. § 1331, which confers upon Federal District Courts original jurisdiction of suits arising under the constitutions, laws and treaties of the United States.

To bring a case within Section 1331 a Plaintiff must show that:

(a) . . . the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, law or treaties of the United States.

(b) Except when express provision therefore is otherwise made in a statute of the United States . . .

■ It is clear that the party invoking the jurisdiction of the Federal Court has the burden of establishing the existence of jurisdiction. Moreover, there is a presumption against federal jurisdiction. *Basso v. Utah Power and Light Company*, 495 F.2d 906 (CA 10, 1974); *Whitelock v. Leatherman*, 460 F.2d 507 (CA 10, 1972).

■ To bring a case under 28 U.S.C. § 1331 a Plaintiff must have a substantial claim founded directly upon federal law. *Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Wright, *Federal Courts*, Sec. 17 (2d Ed. 1970).

Plaintiff's allegation that the existence of a federal question arises under Article VII, Sections 5 and 14 of the Constitution of the United States is without merit. Article VII of the Constitution contains neither a Section 5 nor a Section 14, and the Article itself, relates to ratification and establishment of the United States Constitution.

■ Plaintiff also alleges the existence of a federal question arising under the Fifth and Fourteenth Amendments to the Constitution. It is well established that federal question jurisdiction may be invoked in an action by a plaintiff asserting constitutional rights under the amendments. *Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Amen v. City of Dearborn*, 532 F.2d 554 (CA 6, 1976); Wright and Miller, *Federal Practice and Procedure*, Sec. 3572.

However, to give a federal court jurisdiction under this statute (28 U.S.C. § 1331), the federal question must be substantial. *Cuyahoga River Power Company v. Northern Ohio Traction and Light Company*, 252 U.S. 388, 40 S.Ct. 404, 64 L.Ed. 626 (1920); *Garvin v. Rosenau*, 455 F.2d 233 (CA 6, 1972).

In *Ex Parte Poresky*, 290 U.S. 30 at p. 32, 54 S.Ct. 3, 4, 78 L.Ed. 152 (1933) the Court explained what *substantial* means:

The question may be plainly unsubstantiated, either because it is without merit, or because its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.

In the instant case, Plaintiff seeks declaratory and/or injunctive relief from the special assessments (which have not been disclosed) alleging that they were imposed upon the individuals comprising the Plaintiff in an arbitrary and capricious fashion. Plaintiff contends that such special assessment resulted in a taking without just compensation and that the procedures for providing notice were in violation of the Fifth and Fourteenth Amendments.

■ Upon a careful review of the Amended Complaint and Plaintiff's Memorandum in support of their position, this Court must conclude that the Plaintiff has not stated facts which would, under the present state of the law, constitute a violation of an individuals' Constitutional rights. The factual allegations set forth as contained in paragraphs 1 through 12 of their Amended Complaint contain no allegations of fact upon which a federal question could be construed, but rather assert a series of

legal conclusions. Neither the Amended Complaint, the original Complaint, nor the Memorandum of Law indicate how the hearings deprived the individuals of their due process or how the assessments were so arbitrary and capricious as to deprive them of their due process or equal protection rights.

The Court finds that such a federal question, as contemplated by Section 1331, if one exists, is without merit and thus subject matter jurisdiction is not conferred upon this Court by virtue of alleging that a federal question arises under 28 U.S.C. § 1331.

(4) *28 U.S.C. § 1332*

■ Plaintiff further attempts to invoke the diversity jurisdiction of this Court. This attempt failed since complete diversity is obviously lacking. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Bowman v. White*, 388 F.2d 756 (CA 4, 1968).

The lack of diversity is indicated on the face of the Amended Complaint in paragraph 7, which reveals that some of the members of the Association are residents of the special assessment district.

(5) *42 U.S.C. § 4372*

The statute is entitled: "Office of Environmental Control". The Court cannot locate, in this Section, any mention of the Court's jurisdiction. Nor can the Court, in examining the Complaints filed by Plaintiff, find any factual allegations involving environmental control.

(6) *42 U.S.C. § 331(2)*

The Court can find no such statute, but the statute was invoked by Plaintiff in both its original and its Amended Complaint.

(7) *5 U.S.C. §§ 551.5 [551(5)] and 522*

■ 5 U.S.C. § 551 is entitled: "Administrative Procedure", and lists a definition of terms. No jurisdiction is conferred upon this Court by 5 U.S.C. § 551.

There is no 5 U.S.C. § 522.

Assuming that Plaintiff means to allege jurisdiction under 5 U.S.C. § 701(a) (judicial review), the courts have held that the Administrative Procedure Act alone does not confer jurisdiction upon a United States District Court. *Zimmerman v. United States Government*, 422 F.2d 326 (CA 3, 1970) cert. denied, 399 U.S. 911, 90 S.Ct. 2200, 26 L.Ed.2d 565, reh. den., 400 U.S. 855, 91 S.Ct. 26, 27 L.Ed.2d 93.

(8) *42 U.S.C. § 1983*

■ Section 1983 of Title 42 creates a cause of action for deprivation of federally protected rights. It is a "civil action authorized by law" over which District Courts have jurisdiction under 28 U.S.C. § 1343.

In a recent case the Third Circuit Court of Appeals has ruled:

We hold that it (Section 1983) is not a jurisdictional statute; it only fashions a remedy. Thus, although Gonzales may have asserted a claim under Section 1983, she had to look to other authority to obtain jurisdiction. *Gonzales v. Young*, 560 F.2d 160 at 164 (CA 3 1977)

The Supreme Court affirmed *Gonzales*, supra, in *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508, (1979) and stated:

Even if petitioners are correct in asserting that Section 1983 provides a cause of action for all federal statutory claims, it remains true that one cannot go into court and claim a 'violation of Section 1983'—for Section 1983 by itself does not protect anyone against anything. As Senator Edmunds recognized in the 1871 debate, 'All civil suits, as every lawyer understands, which this act authorizes, are not based upon it; they are based [only] upon the right of the citizen. *The act only gives a remedy.*' 441 U.S. at 617, 99 S.Ct. at 1916, 60 L.Ed.2d at 523 (Emphasis of the Court)

■ It is clear that Section 1983 does not confer jurisdiction at all and, therefore, is not authority that the Court has original jurisdiction over the Plaintiff's action.

(9) *Rule 65 FRCP*

■ Rule 65, like Rule 57, does not confer jurisdiction on federal courts. Instead, it restricts the power of the federal court to act in those cases in which it already has jurisdiction.

Plaintiff has not cited, to this Court, any authority to refute the principal stated in *Peterson v. Sears*, 238 F.Supp. 12 (N.D.Iowa 1964) where the court stated:

The district courts of the United States derive their jurisdiction wholly from the authority conferred upon them by Congress, and, unless some statute of the United States authorizes plaintiff's action, the court is without jurisdiction. *Moses Taylor Lodge No. 95, et al v. Delaware L. & W. R. Company*, 39 F.Supp. 456, 457 (D.C.1941); *Koch v. Zuieback*, 316 F.2d 1 (9 Cir. 1963). *The fact that plaintiff seeks a temporary restraining order under Rule 65, F.R.Civ.P., does not of itself confer jurisdiction. Rule 65 (governing injunctions) does not purport to confer jurisdiction upon the courts* but rather restricts the power of the courts to act in cases in which they have already acquired jurisdiction. 238 F.Supp. at p. 13 (Emphasis supplied).

(10) *28 U.S.C. § 1343*

Although this statute was not cited by the Plaintiff in its original Complaint, Amended Complaint, or Memorandum of Law, it was called to the Court's attention by counsel for the Plaintiff, during oral arguments.

As indicated by the Court in its discussion of 42 U.S.C. § 1983, District Courts can acquire jurisdiction under 28 U.S.C. § 1343. Since the Plaintiff has cited 42 U.S.C. § 1983 as a basis of jurisdiction, this Court assumes that Plaintiff, in its oral arguments, also referred to 28 U.S.C. § 1343(3) inasmuch as subparagraphs (1), (2), and (4) do not relate to section 1983.

While it does not appear that this Court ought to invoke jurisdiction based on a mere recitation of jurisdictional statute, without pleading factual allegations sufficient to confer subject matter jurisdiction, it is unnecessary to resolve the 1343(3) allegation since the Court lacks jurisdiction by virtue of the Tax Injunction Act discussed infra.

The Court has discussed and reviewed each jurisdictional averment separately as a basis for Plaintiff seeking this Court's jurisdiction, but cannot find any by which the Court may grant the relief requested by the Plaintiff. The difficulty, for the Court, stems from the Plaintiff's Complaint, Amended Complaint, and Memorandum of Law. Taken separately, or individually, they present, by their style, and typing, significant difficulties in terms of thought, spelling, syntax, and content. The Court has, therefore, attempted to read them liberally, to find the materials cited, even when improper (or no) citations were set forth, and to construe them, if possible, as granting the Court jurisdiction. Completing that task, however, persuades the Court that the pleadings and the Memorandum of Law, do not contain allegations of fact sufficient for the Court to obtain subject matter jurisdiction.

Even were the above not the case, however, and even had the Plaintiff invoked the jurisdiction of this Court under the many legal citations offered to confer jurisdiction, this Court would still lack jurisdiction under 28 U.S.C. § 1341.

### TAX INJUNCTION ACT

Defendants argue that 28 U.S.C. § 1341 prohibits this Court from taking jurisdiction of Plaintiff's Complaint. Section 1341 provides:

The District Courts shall not enjoin, suspend or restrain the assessment, levy, or collection of any tax under state law where a plain, speedy and efficient remedy may be made in the courts of such state.

Plaintiff contends that the amounts payable under the special assessments issued in accordance with state law (M.C.L.A. § 123.-743) are not taxes under state law and thus are beyond the prohibitory scope of the Act. Plaintiff also contends that if the assessment is a tax there is no "plain, efficient, and speedy" remedy in the state.

The initial question, thus presented, is whether the term "tax" as used in Section 1341 includes a special assessment levied by municipal corporations. In *Tramel v. Schrader*, 505 F.2d 1310 (CA 5 1975), the

Court considered whether 28 U.S.C. § 1341 barred a suit to enjoin the collection of special street assessments which were alleged to be violative of the plaintiff's federal constitutional rights. While Texas state courts had defined these special assessments as something other than "taxes", the Court in *Tramel* denied any controlling effects to the state court's distinction between taxes and special assessments and stated:

> This Federal Act (the Tax Injunction Act) implements important principals of comity. It expresses the Federal Government's 'scrupulous regard for the rightful independence of State Governments.' *Great Lake Dredge and Dock Company v. Huffman*, 319 U.S. 293, 298, 63 S.Ct. 1070, 1073, 87 L.Ed. 1407 (1943). It recognizes the importance of protecting the State's periodic collection of tax revenues from disruptive litigation in federal courts, which States are powerless to control. It also respects the traditional reluctance of federal courts to intervene in the complexities of state tax administration. See generally, *Great Lakes*, supra; *Perez v. Ledesma*, 401 U.S. 82, 127, 91 S.Ct. 674, 27 L.Ed.2d 701 and their note 17, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971). (Brennan, J., concurring in part and dissenting in part.) The Act is a 'broad jurisdictional barrier.' *Moe v. Confederated Salish and Kootenai Tribes*, 425 U.S. 463, 470, 96 S.Ct. 1634, 48 L.Ed.2d 96 (1976). It bars even claims that the state tax is illegal or unconstitutional. *Tully v. Griffin, Inc.*, 429 U.S. 68, 97 S.Ct. 219, 50 L.Ed.2d 27 (1976). [*Kistner v. Milliken*], 432 F.Supp. [1001] at 1003–1004.

 It is also clear that the federal policy of non interference applies to cases where declaratory relief is sought under 28 U.S.C. § 2201. *Aluminum Company of America v. Department of Treasury of State of Michigan*, 522 F.2d 1120 (CA 6 1975); *Tulley v. Griffin*, supra; *Wyandotte Chemical v. City of Wyandotte*, 321 F.2d 927 (CA 6 1963). In *Wyandotte Chemical v. City of Wyandotte*, supra, the plaintiff originally brought the action under the declaratory judgment act, seeking a judgment declaring that the value of its personal property was erroneously and improperly assessed for the payment of an ad valorem tax. The Court of Appeals reversed the District Court and in part held that the Eastern District of Michigan did not have jurisdiction over the case because of the Tax Injunction Act.

Even on an action based on 42 U.S.C. § 1983, the Court in *Kistner v. Milliken*, supra, held that the bar of the Tax Injunction Act is not effected by the fact that the taxpayer's action is based on the Civil Rights Act.

In *Kistner v. Milliken*, supra, the taxpayer alleged an action under 42 U.S.C. § 1983 against the state and local officials for violations of their due process and equal protection rights in the assessment. The Court stated:

> [The Tax Injunction Act] bars *even claims that the state tax is illegal or unconstitutional.* 432 F.Supp. at p. 1004. (Emphasis Supplied)

Furthermore, the Tax Injunction Act has barred an action based on the presence of a federal question raised by Plaintiff. *Hickman v. Wujick*, 488 F.2d 875 (CA 2 1973); *Group Assisting Sewer Proposal Ansonia v. City of Ansonia*, 448 F.Supp. 45 (D.C.Conn. 1978); *Helmsley v. City of Detroit*, 320 F.2d 476 (CA 6 1963).

In *Helmsley v. City of Detroit*, supra, the plaintiff alleged jurisdiction by virtue of diversity (28 U.S.C. § 1331) and a federal question under the Fourteenth Amendment. The court found that the Tax Injunction Act removed any jurisdiction that the court may have had with regard to this action.

2. Effective State Remedy.

Since it is clear that the federal courts' policy of non interference in state tax matters is long standing and comprehensive, this Court now addresses itself to the second factor in determining whether 1341 ought to be applied with regard to whether or not Plaintiff (taxpayers) has a "plain, speedy and efficient remedy" or redress within the courts of the State of Michigan.

M.C.L.A. § 205.701 et seq.; M.S.A. § 7.650(1) et seq. (commonly referred to as the "Michigan Tax Tribunal Act") provides the vehicle for administrative and judicial review of challenges to tax assessments. M.C.L.A. § 205.731(a); M.S.A. § 7.650(31) gives the Tribunal: "exclusive and original jurisdiction" of appeals from any "final decision, finding, ruling, determination, or order of any agency relating to assessment, valuation, rates, *special assessments* (emphasis added), allocation or equalization, under property tax laws".

Additionally, M.C.L.A. § 205.735(1); M.S.A. § 7.650(35) states:

A proceeding before the tribunal shall be original and independent and shall be considered de novo.

M.C.L.A. § 205.753 says:

(1) . . . an appeal from the tribunal's decision shall be by right to the Court of Appeals. . . . (2) Appeals from the final order or decision of the tribunal may be taken by filing an appeal in accordance with the general court rules within 20 days after the entry of the order or decision appealed from or within 20 days after denial of a motion for rehearing timely filed. (3) An order, ruling, or decision prior to final decision of the Tribunal is not reviewable unless leave to appeal is granted by the court of appeals.

■ Plaintiff in its Amended Complaint and in its Memorandum of Law has set forth a myriad of reasons why there exists no "plain, speedy and efficient" remedy. Plaintiff contends that it would take four or five years for the Tribunal to hear and decide the case, that there is a conflict as to the authority of the Circuit Court and Tribunal, that a Court Reporter is ill and cannot complete a transcript, etc.

■ The Court does not believe that those allegations prevent the Plaintiff and the taxpayers from the benefits of a "plain, speedy and efficient" remedy. The law is clear that the state remedy need not be the best of all possible remedies. *Bland v. McHann*, 463 F.2d 21 (CA 5 1972) cert.

denied 410 U.S. 966, 93 S.Ct. 1438, 35 L.Ed.2d 700 (1973). In addition, the state remedy need only be adequate *Spector Motor Service v. O'Connor*, 340 U.S. 602, 71 S.Ct. 508, 95 L.Ed. 573 (1951), and not unduly burdensome. *Georgia Railway and Banking Company v. Red Wine*, 342 U.S. 299, 72 S.Ct. 321, 96 L.Ed. 335 (1957).

■ In Michigan, the court in *Kistner v. Milliken*, supra, held that the Michigan Tax Tribunal Act provided the taxpayer with a forum for constitutional claims. This Court believes that the state remedy provides a forum for the litigation of the constitutional issue that Plaintiff seeks to present. Thus the Court concludes that a "plain, speedy and efficient" remedy was and is open to the Plaintiff (and to the taxpayers involved) in the Michigan Tax Tribunal and the Michigan Court of Appeals.

■ The United States District Courts are courts of limited jurisdiction, and therefore all grants of jurisdiction must be strictly construed and all express limitations carefully noted and followed. The Tax Injunction Act expressly limits the jurisdiction of this Court where a "plain, speedy and efficient" remedy is provided for in the state courts and this Court finds that there is such a remedy available to the Plaintiff, (and the taxpayers) in this case. The matter involves no special circumstances whatever to indicate that it should fall outside the Tax Tribunal Act.

Whether a party is seeking a declaration or an injunction that a state "tax" is unconstitutional or invalid is of no special significance here. Clearly, the Tax Injunction Act removes this case from the jurisdiction of this Court.

The Supreme Court in *Tulley v. Griffin, Inc.*, supra, stated:

A federal district court is under an equitable duty to refrain from interfering with a State's collection of its revenue except in cases where an asserted federal right might otherwise be lost. (At 429 U.S. p. 73, 97 S.Ct. p. 222)

■ This Court interprets those words to mean that so long as there is no reason to

fear that any and all federal rights, whether under the United States Constitution or under federal statutes will not be protected by the applicable state court, the federal court must, in accordance with its equitable duty, refrain from exercising jurisdiction over a matter involving the assessment or collection of a state tax pursuant to 28 U.S.C. § 1341.

This Court does not believe that Plaintiff (and the taxpayers) in this case will lose or be deprived of any federally protected right by utilizing the remedy afforded to them under Michigan law.

Defendants' Motion to Dismiss, pursuant to Rule 12(b)(1) is hereby granted.