**WARREN E. BROWN TENANTS' COUNCIL, Plaintiff**

v.

**VIRGIN ISLANDS HOUSING AUTHORITY, Defendant**

Civil No. 377-79

District Court of the Virgin Islands

Div. of St. Thomas and St. John

June 3, 1980

BRENDA J. HOLLAR, ESQ., St. Thomas, V.I., *for plaintiff*

IVE A. SWAN, ESQ., Attorney General of the Virgin Islands, DONALD V. KANE, ESQ., Assistant Attorney General, St. Thomas, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

## MEMORANDUM

This action for injunctive and declaratory relief is before the Court on motions of defendant Virgin Islands Housing Authority (hereinafter VIHA) to vacate an entry of default, Fed. R. Civ. P. 60(b), and to transfer the cause to Territorial Court of the Virgin Islands. 4 V.I.C. § 77 (Supp. 1979). Plaintiff Warren E. Brown Tenants' Council cross-moves for summary judgment. Fed. R. Civ. P. 56(a). Since the Court will find that it lacks jurisdiction over the subject matter of this action, the entry of default will be vacated and the case will be dismissed.

The matter arises out of an attempt by VIHA, the landlord of the members of plaintiff, to adjust rents at the Warren E. Brown Apartments beginning November 1, 1979. In response, plaintiff filed suit seeking a declaration that VIHA had failed to properly notify the tenants of these rent increases and an injunction prohibiting the allegedly wrongful notice in the future. It is unclear from the pleadings whether or not the proposed rent increases ever went into effect.

Plaintiff's complaint was filed on December 11, 1979. The Clerk of the Court entered the default of VIHA on January 16, 1980. VIHA did not file an Answer until January 19, 1980. Thus, the first question the Court must address is the propriety of vacating the entry of default. As a preliminary matter, however, the question of

jurisdiction must be raised since the default is premised on the Court having jurisdiction.

■ Plaintiff, as earlier mentioned, here seeks declaratory and injunctive relief. Yet subject matter jurisdiction cannot be conferred solely on the basis of the remedies sought. Instead, there must be an independent basis for jurisdiction. See Ragoni v. United States, 424 F.2d 261 (3d Cir. 1970) (declaratory judgment); Gilman v. Government, Civ. No. 79-162 (D.V.I. Nov. 30, 1979) (declaratory judgment); Peterson v. Sears, 238 F.Supp. 12 (N.D. Iowa 1964) (injunction); Moses Taylor Lodge No. 95 v. Delaware, L. & W. R. Co., 39 F.Supp. 456, 457 (M.D. Pa. 1941) (injunction). Thus, the Court must determine whether such an independent basis for jurisdiction exists.

■ The District Court has general original jurisdiction in all causes in the Virgin Islands where exclusive jurisdiction is not conferred on the Territorial Court. 4 V.I.C. § 32. The Territorial Court has original and exclusive jurisdiction "of all civil actions wherein the matter in controversy does not exceed the sum or value of $500, exclusive of interest and costs." 4 V.I.C. § 75(1) (Supp. 1979). Since none of the rent increases at issue exceed $250 per month, the amount of rent increase involved at the time of suit was less than $500. Moreover, due to the absence of submissions to the contrary, the Court presumes that the tenants are not presently paying the increased rents. Accordingly, the amount in controversy for each tenant is within the exclusive jurisdiction of the Territorial Court. See C. Wright & A. Miller, FEDERAL PRACTICE AND PROCE-DURE: CIVIL § 3710 at 494 (1976); citing Bowker v. Panhandle Eastern Pipeline Co., 169 F.Supp. 713 (D. Kan. 1959). Thus, only if the claims of the tenants may be aggregated and thus exceed $500 could this Court have jurisdiction.

■■ The claims of the tenants may only be aggregated if they have a common undivided interest and a single title or right is involved. Troy Bank of Troy, Indiana v. G. A. Whitehead & Co., 222 U.S. 39, 40 (1911); FEDERAL PRACTICE AND PROCEDURE § 3704 at 420. However, if the claims are separate and distinct, then they cannot be aggregated for purposes of determining the amount in controversy. Snyder v. Harris, 394 U.S. 332 (1969). This rule applies whether or not there is a class action. See Zahn v. International Paper Co., 414 U.S. 291 (1974). The tenants' claims in the case sub judice must be characterized as separate and distinct since they are in no way dependent on one another. See, e.g., Wheless v. City of St. Louis, 180 U.S. 379 (1901) (several owners of

land suing to enjoin assessment for street improvments found to have separate and distinct claims). Accordingly, the tenants' claims cannot be aggregated. Thus, plaintiff's claim is within the exclusive jurisdiction of the Territorial Court and this Court is without subject matter jurisdiction.