Edward M. JOYCE, Plaintiff, Appellant,

v.

William FERRAZZI et al., Defendants,
Appellees.

No. 6170.

United States Court of Appeals
First Circuit.

Oct. 30, 1963.

Edward M. Joyce, Quincy, Mass., pro se.

William A. Cotter, Jr., Boston, Mass., with whom Philander S. Ratzkoff and Parker, Coulter, Daley & White, Boston, Mass., were on brief, for William M. MacPhee, appellee.

Stephen T. Keefe, Jr., Asst. City Sol., for William Ferrazzi and another, appellees.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

The plaintiff, invoking the jurisdiction conferred by Title 28 U.S.C. § 1343, filed a complaint, subsequently amended, in the court below in two counts charging a mayor, a chief of police, a sergeant of police, a doctor in private practice and the superintendent of a Massachusetts institution for the care of the mentally ill with depriving him of rights, privileges and immunities secured by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983, and with conspiracy to deprive him of the equal protection of the laws in violation of 42 U.S.C. § 1985(3). The court below, after hearing on cross-motions under Rule 56 Fed.R.Civ.P. supported by affidavits, entered a judgment granting the defendants' motions and dismissing the plaintiff's complaint with costs. The plaintiff appealed.

Class or racial discrimination is not here involved. Stripped of irrelevancies, conclusory allegations and opprobrious epithets the plaintiff's complaint and his affidavit in support of his motion for summary judgment boil down to the charge that the defendants acting in concert falsely arrested the plaintiff in his home and wrongfully committed him under Massachusetts General Laws, Chapter 123 § 79 for ten days to the state institution for the mentally ill of which one of the defendants was the superintendent.

These basic facts emerge from the record: The defendant sergeant of police, with other subordinate officers, acting on orders of a police lieutenant based on independent telephone complaints made by the plaintiff's wife and by a neighbor of a disturbance in the plaintiff's home, went to the plaintiff's house, were admitted by the plaintiff's wife and found the plaintiff on the floor struggling with his 17-year-old son. These not being the first complaints of similar disturbances in the plaintiff's home, and the officers, being of the opinion from their observation of the plaintiff that he was not behaving rationally, carried the plaintiff—he refused to walk—to a police vehicle and took him to the police station where, after he was searched and his outer clothing removed, he was put in a cell.

The plaintiff's wife followed the police to the station and asked the officer in charge to call the defendant doctor, who had treated various members of the plaintiff's family for years. The doctor promptly responded by coming to the police station where he spoke to the defendant and then committed him under the Massachusetts statute mentioned above to the institution of which one of the defendants was superintendent. The plaintiff was kept in the institution for nine or ten days and then released.

█ Section 1985(3), supra, by its terms, does not give a cause of action for conspiracy to deny federally guaranteed rights generally, including the right to due process of law. See Dunn v. Gazzola, 216 F.2d 709, 711 (C.A. 1, 1954). It clearly " * * * does not attempt to reach a conspiracy to deprive one of rights, unless it is a deprivation of equality, of 'equal protection of the law,' or of 'equal privileges and immunities under the law.' " Collins v. Hardyman, 341 U.S. 651, 661, 71 S.Ct. 937, 941, 95 L.Ed. 1253 (1951). That is to say, to recover under the section a plaintiff must show

invidious discrimination. "But a discriminatory purpose is not presumed, Tarrance v. Florida, 188 U.S. 519, 520, [23 S.Ct. 402, 47 L.Ed. 572]; there must be a showing of 'clear and intentional discrimination,' Gundling v. Chicago, 177 U.S. 183, 186 [20 S.Ct. 633, 44 L.Ed. 725]." Snowden v. Hughes, 321 U.S. 1, 8, 64 S.Ct. 397, 401, 88 L.Ed. 497 (1944). In this the plaintiff has utterly failed. Not only has he made no adequate allegation in his complaint or showing in his affidavit in support of his motion for summary judgment of a conspiracy by the defendants, but he has also wholly failed to show that he was treated any differently than anyone else would have been treated under the same circumstances.

Section 1983, supra, gives a broader right of action than § 1985(3) albeit against a restricted class. It provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

■ Since it indisputably appears from the record that the defendant doctor acted as a private practitioner in committing the plaintiff to the mental institution under the Massachusetts statute, the constitutional validity of which is not challenged, it follows that his action was that of a private citizen. Spampinato v. M. Breger & Co., 270 F.2d 46, 49 (C.A. 2, 1959), cert. denied, 361 U.S. 944, 80 S.Ct. 409, 4 L.Ed.2d 363 (1960), rehearing denied, 361 U.S. 973, 80 S.Ct. 597, 4 L.Ed.2d 553 (1960). He is not a member of the class exposed to liability under § 1983.

■ The defendant superintendent is not charged with brutality. For all that appears he acted in good faith on the committal signed by the defendant doctor which was in all respects fair and regular on its face. All that he did was strictly in line with his official duty. To hold him liable in damages under § 1983 would be as much a "preposterous result" as this court in Francis v. Lyman, 1 Cir., 216 F.2d 583, 588 (1954), thought it would be to hold the superintendents of penal institutions acting on apparently valid warrants of commitment.

■ The defendant mayor, for all that the plaintiff has made to appear in other than wholly conclusory allegations, had nothing whatever to do with the events of which the plaintiff complains.

■ The defendant police officers were certainly acting "under color" of law when they took the plaintiff into custody. Screws v. United States, 325 U.S. 91, 107, 65 S.Ct. 1031, 89 L.Ed. 1495 et seq. (1945). But, disregarding conclusory allegations of the pleader, the plaintiff, and accepting as true the uncontradicted assertions of fact in the defendants' affidavits, the plaintiff has failed to make out a case of deprivation of any federally secured right, privilege or immunity. For all that appears the police responded to a call for help from the plaintiff's wife and when she admitted them to the plaintiff's house, observing the plaintiff's conduct to be irrational, even violent, took him into custody using no more force than circumstances warranted. It does not appear that the police made any mistake. But if they did, not every police error of law or fact arises to the dignity of a deprivation of a federally secured right, privilege or immunity. Agnew v. City of Compton, 239 F.2d 226, 230, 231 (C.A. 9, 1957), cert. denied, 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910 (1957).

Judgment will be entered affirming the judgment of the District Court.