EDWARD M. JOYCE *vs.* GEORGE W. PRESCOTT PUBLISHING COMPANY. February 25, 1965. Exceptions sustained. Judgment for the defendant. In this action for libel the defendant's motion for a directed verdict should have been allowed. The newspaper story of the plaintiff's Federal court action was accurate in all material details. In reporting that "Attorney Joyce charges . . . that his constitutional rights were violated when he was committed to the hospital last November" the defendant appropriately used the word "committed" to describe what had happened. It is uncontroverted that the plaintiff was admitted to the Medfield State Hospital on a ten day "temporary care" certificate under G. L. c. 123, § 79, being "in need of immediate care and treatment because of mental derangement other than drunkenness," a physician having made the request as the statute provides. This court refers to proceedings under § 79 as "commitment." *Karjavainen* v. *Buswell,* 289 Mass. 419, 426. So does the Court of Appeals for the First Circuit in a case by this plaintiff based on the same occurrence. *Joyce* v. *Ferrazzi,* 323 F. 2d 931, 932, 933. So, semble, do those directly concerned. The receiving officer at the hospital indorsed the admitting form, "Accompanied by . . . committing officer." Strictly, and as used in c. 123, "commitment" means a placing in the hospital by judicial order as distinguished from § 79 proceedings. *Mezullo* v. *Maletz,* 331 Mass. 233, 234. But the words are to be read in their "natural sense with the meaning which they would convey to mankind in general." *Lyman* v. *New England Newspaper Publishing Co.* 286 Mass. 258, 260. This meaning of the word "commitment" was placing in the hospital pursuant to proceedings provided by law. In so stating as to the plaintiff and what the plaintiff charged in the Federal court the defendant reported correctly. The record is bare of any suggestion that the true account was published with actual malice, that is, intent to injure.

*James C. Heigham* for the defendant.
*Edward M. Joyce* for the plaintiff.