**Lucille E. MORAN, Plaintiff, Appellant,**

v.

**William F. BENCH et al., Defendants, Appellees.**

**No. 6544.**

United States Court of Appeals First Circuit.

Dec. 1, 1965.

Lucille E. Moran, pro se.

Edward W. Brooke, Atty. Gen., and Samuel W. Gaffer, Asst. Atty. Gen., on brief for appellees.

Before ALDRICH, Chief Judge, McENTEE, Circuit Judge, and SWEENEY, District Judge.

ALDRICH, Chief Judge.

In this action for damages brought under the civil rights statutes, 42 U.S.C. §§ 1983 and 1985, against certain officials of the Massachusetts Registry of Motor Vehicles the district court granted summary judgment for the defendants. On plaintiff's appeal the sole question is whether her affidavit raises an issue of fact.

The underlying facts are not in dispute. Late in 1959 plaintiff was involuntarily committed, for psychiatric reasons, to a Veterans Administration hospital. Early in 1960, defendant Bench, a "supervisor" at the Registry, received a telephone call from a caller who appears to have been an official of the V. A. facility, recommending that plaintiff's operator's license be suspended. Bench communicated the recommendation to defendant Riley, then Registrar; the license was suspended, and notice of suspension was sent to plaintiff's brother in Massachusetts. Later in 1960, when plaintiff sought reinstatement of her license, Bench informed her that she must produce a statement showing a discharge from the facility, as well as a psychiatrist's certification of competency. These were delivered to Bench, who then notified plaintiff that certain additional documents were necessary. Apparently on the ground that he had lost or had not received the psychiatrist's certificate, Bench demanded this of her again. Plaintiff, claiming that these requirements were improper, did not comply. In 1963 she appealed to the Massachusetts Motor Vehicle Appeal Board, which affirmed the suspension. In 1964, after compliance with some, but apparently not all, of the conditions, the suspension was lifted.

It does not appear that the defendants' acts were beyond their authority, or that their conduct was arbitrary or unreasonable. If they acted in good faith, treating the suspension as a matter of ordinary procedure, even if they might be thought to have been over-demanding, plaintiff has no federal claim. Cf. Wall v. King, 1 Cir., 1953, 206 F.2d 878, 884, cert. den. 346 U.S. 915, 74 S.Ct. 275, 98 L.Ed. 411. However, if defendants employed their official powers for the purpose of injuring the plaintiff, rather than to serve the proper ends of their governmental duties, plaintiff might well have a claim under the civil rights statutes. Cf. Yick Wo v. Hopkins, 1886, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220; People v. Walker, 14 N.Y.2d 901, 252 N.Y.S.2d 96, 200 N.E.2d 779 (1964).

Each defendant's affidavit states precisely, or in substance, "that at all times material he was acting in good faith in carrying out his duties and that this suspension was a routine matter, not handled any differently than any other suspension for the same cause; that he does not know the plaintiff except as a person involved in a 'suspension' matter; that he does not know any of the other persons referred to in the complaint * * * [except the other two defendants]; * * that at no time did he correspond with any of the other parties relative to this matter or enter into or further any alleged conspiracy to deprive the plaintiff of any of her rights and property; that the matter involving the plaintiff was handled by various employees and officials of the Registry in the usual course of the business of the Registry in accordance with the usual practices and rules of the said Registry * * * *."

Against this plaintiff's affidavit asserts that defendants "conspired." She does not indicate precisely with whom they conspired, nor any facts tending to establish the existence of a conspiracy. The allegation of conspiracy implies that defendants acted with improper in-

tent. See Frohwerk v. United States, 1919, 249 U.S. 204, 209, 39 S.Ct. 249, 63 L.Ed. 561. Courts must be cautious in labeling allegations of conspiracy as conclusionary, Hoffman v. Halden, 9 Cir., 1959, 268 F.2d 280, 294, as well as in resolving cases involving conspiracy or states of mind by summary judgment. Poller v. Columbia Broadcasting System, 1962, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed. 2d 458; Subin v. Goldsmith, 2 Cir., 1955, 224 F.2d 753, cert. den. 350 U.S. 883, 76 S.Ct. 136, 100 L.Ed. 779. Nevertheless, by the bare use of the word "conspiracy," with no supporting facts that tend to show the existence of an unlawful agreement or prima facie improper behavior, plaintiff has not met the burden of countering affidavits making such explicit denials. Scolnick v. Lefkowitz, 2 Cir., 1964, 329 F.2d 716, cert. den. 379 U.S. 825, 85 S.Ct. 49, 13 L.Ed.2d 35.

Affirmed.