Robert M. ELDERS, Plaintiff,

v.

CONSOLIDATED FREIGHTWAYS CORPORATION OF DELAWARE, a corporation, George E. Diemert, James R. Christianson, Rex Wellman, Marvin Melhauf, Terrance Murphy, and Basil Boldt, individuals, Defendants.

No. 3–68–Civ–132.

United States District Court
D. Minnesota, Third Division.

Sept. 7, 1968.

George G. McPartlin, St. Paul, Minn., for plaintiff.

Clay R. Moore, Mackall, Crounse, Moore, Helmey & Holmes, Minneapolis, Minn., for defendants.

## MEMORANDUM AND ORDER GRANTING MOTION TO DISMISS

DEVITT, Chief Judge.

In this action for damages under the Civil Rights Act, 42 U.S.C.A. §§ 1983 and 1985, the defendants move to dismiss on the grounds that the court lacks jurisdiction over the subject matter and that the complaint and the amended complaint fail to state a claim upon which relief can be granted.

■ Inasmuch as this is a motion to dismiss, the court must look to the plaintiff's "well-pleaded facts as the hypothesis for decision." Collins v. Hardyman, 341 U.S. 651, 652, 71 S.Ct. 937, 938, 95 L.Ed. 1253 (1951).

For several years before the series of events which form the base of plaintiff's complaint, he was employed by defendant corporation as an over-the-road truck-driver. In the early months of 1967, plaintiff, aware of bills pending in the Minnesota Legislature aimed at permitting "double-bottom" tractor-trailers of up to sixty-five feet on Minnesota highways, began a personal campaign to oppose this potential legislation. His action included writing letters to newspapers, statements to friends and co-workers, and a personal appearance before the Public Highway Committee of the Minnesota Senate. It was plaintiff's contention that such vehicles were unsafe.

Because plaintiff's stance on this issue was unpopular with defendants, they, it is claimed, began a concerted course to harass and persecute him. He alleges that in January of 1967 a combination of false statements made by various defendants caused his arrest on charges of drunkenness and assault. These charges were later dismissed for a lack of evidence. Thereafter, defendant corporation discharged plaintiff, but his appeal through grievance channels resulted in his reinstatement. Within a month plaintiff was reprimanded and warned for delay of freight by defendant Diemert, defendant corporation's Driver Supervisor. Recourse to grievance procedure forced a withdrawal of the warning. In June of 1967 the plaintiff, despite his protestation, was ordered to drive defective equipment. Because of the defect plaintiff received a citation from the State Highway Patrol for driving unsafe equipment. In October of the same year, the plaintiff was driving through Oregon with the defendant Boldt when the latter received a speeding ticket. The resultant delay brought further charges against plaintiff; but again, he was vindicated through grievance proceedings. In the original complaint it is alleged that plaintiff was subsequently discharged, although the immediate cause of the last discharge does not appear; nor does it appear that either party resorted to the grievance mechanism. In substance, the plaintiff's allegations are designed to portray a calculated series of charges and harassments aimed at punishing and persecuting him for the expression of his views regarding the wisdom of allowing a certain type of trucking rig on the highways of Minnesota.

Plaintiff's amended complaint reveals his thesis that the defendants schemed, singly and together, to persecute the plaintiff and to assure his discharge because of his views against "double-bottom" tractor-trailers. The expression of these views being an exercise of his constitutional right of free speech, the plaintiff asserts that he has an action for

damages caused by the defendants' interference under 42 U.S.C.A. §§ 1983 and 1985.

## JURISDICTION

Initially, the court must decide whether it has jurisdiction over the subject matter of the complaint. The plaintiff seeks to establish jurisdiction on diversity of citizenship, but the citizenship of all the defendants does not appear affirmatively, as it must, on the face of the complaint. Oppenheim v. Sterling, 368 F.2d 516 (10th Cir. 1966); cert. denied, 386 U.S. 1011, 87 S.Ct. 1357, 18 L.Ed.2d 441; reh. denied, 388 U.S. 925, 87 S.Ct. 2127, 18 L.Ed.2d 1380 (1967). But, at all events, affidavits submitted by defendants indicate that three of the named defendants are citizens of Minnesota, as the plaintiff is, and therefore the requisite complete diversity of Title 28 U.S.C.A. § 1332 is not present. Strawbridge v. Curtiss, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806); Knoll v. Knoll, 350 F.2d 407 (10th Cir. 1965).

The more serious basis for jurisdiction rests on § 1343, Title 28 U.S.C.A., which provides jurisdiction for civil actions for violation of civil rights including §§ 1983 and 1985, Title 42 U.S.C.A., which form the authority for the present action.

The decided cases reveal no precise and simple test for determining when it is preferable to grant a motion to dismiss on the merits rather than on purely jurisdictional grounds. Nevertheless, where the federal claim is not patently frivolous or a mere matter of form, and where the federal law made the basis of the action admits of at least one plausible, even if mistaken, interpretation which would support the action, it appears to be the better approach for the court to assume jurisdiction and adjudge the claimed defects on the grounds that the complaint fails to state a claim upon which relief can be granted. Wheeldin v. Wheeler, 373 U.S. 647, 649, 83 S.Ct. 1441, 1444, 10 L.Ed.2d 605 (1963); Monroe v. Pape, 365 U.S. 167, 81 S.Ct.

473, 5 L.Ed.2d 492 (1961); Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); Stanturf v. Sipes, 335 F. 2d 224 (8th Cir. 1964); Byrd v. Sexton, 277 F.2d 418 (8th Cir. 1960); Love v. Chandler, 124 F.2d 785 (8th Cir. 1942); Koch v. Zuieback, 194 F.Supp. 651 (S.D. Cal.1961); aff'd 316 F.2d 1 (9th Cir. 1963). Such has been the practice of this Court. Campbell v. Glenwood Hills Hospital, Inc., 224 F.Supp. 27, 29 (D. Minn.1963).

## FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

It is axiomatic that no action will lie under §§ 1983 and 1985, Title 42 U.S.C.A. unless, inter alia, the allegedly wrongful acts of the defendants were done under color of state law. This requirement is explicit in § 1983; and while not likewise express in § 1985, it is clearly a necessary element there also. Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253 (1951); Jones v. Alfred H. Mayer Co., 379 F.2d 33 (8th Cir. 1967), rev'd on other grounds, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968); Wallach v. Cannon, 357 F.2d 557 (8th Cir. 1967); Williams v. Hot Shoppes, Inc., 110 U.S.App.D.C. 358, 293 F.2d 835 (1961); cert. denied 370 U.S. 925, 82 S.Ct. 1562, 8 L.Ed.2d 505; reh. denied 371 U.S. 854, 83 S.Ct. 16, 9 L.Ed. 2d 91 (1962); Hoffman v. Halden, 268 F.2d 280 (9th Cir. 1959); Watkins v. Oaklawn Jockey Club, 183 F.2d 440, (8th Cir. 1950); Campbell v. Glenwood Hills Hospital, Inc., supra; Harrison v. Murphy, 205 F.Supp. 449 (D.Del.1962).

In order for an act to be done under color of state law it is necessary that there be "a vesting of *actual* authority of some kind," in the actor. Williams v. Hot Shoppes, Inc., supra, 293 F.2d at 841. It is not enough that the defendant exercises some power possessed only by virtue of his private citizenship. Such conduct, even when wrongful, does no violence to the rights protected by the statutes here relied upon by the plaintiff. Rather the acts must be such

as are a manifestation or an alloy of the power of the state, and possible only because the defendant has been somehow dressed with that power. To some extent the state itself must be involved, or the alleged wrongdoer must be acting under its authority or wielding a power of the sort commonly attached to the state. Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948); United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941); Wallach v. Cannon, supra; Moffett v. Commerce Trust Co., 187 F.2d 242 (8th Cir. 1951); Love v. Chandler, supra; Campbell v. Glenwood Hills Hospital, Inc., supra; Harrison v. Murphy, supra.

In the case at hand the defendants are a private corporation and several of its employees. None of them is an official arm or officer of the state, and the plaintiff does not so allege. There is nothing in the actions alleged which would distinguish these defendants from any other private corporation and employees.

The plaintiff evokes the common law of the state and Chapter 179 of the Minnesota Statutes governing labor relations as the repositories of state authority under which defendants acted and as tinging these actions with the color of state law. The plaintiff's theory is that the law and statutes, because they define and delimit the employment relationship, vest, in the sense of §§ 1983 and 1985, the actual power of the state in the defendants.

■ But all laws define and control relationships. The common law of assault prescribes the situations in which an attack is or is not legally justifiable. Surely when Tom assaults his neighbor Dick, though not his neighbor Harry, Dick has not been deprived of equal protection of law. See e. g. Mr. Justice Jackson's comments in Collins v. Hardyman, supra, 71 S.Ct. at 942. An application of plaintiff's theory would render the concept of state action a hollow and superfluous element as any civil action which had some precedent in the

law of the state could be described as done under color of law. This is not what the term means. And even though a state has seen fit to define the rights and duties governing a given relationship between private citizens, action taken pursuant to such statutes is not, in the sense of §§ 1983 and 1985, state action. Thus action taken by a court-appointed attorney, although the appointment was pursuant to a statute, is not, in the sense here significant, state action. Reinke v. Richardson, 279 F.Supp. 155 (E.D.Wis.1968); Christman v. Commonwealth of Pennsylvania, 275 F.Supp. 434 (W.D.Pa.1967). The acts of a court-appointed executor, although his duties were statutorily defined are not such as constitute state action. Moffett v. Commerce Trust Co., supra. A privately owned orphanage to which a delinquent has been committed is not vested with the requisite state authority. Henig v. Odorioso, 385 F.2d 491 (3rd Cir. 1967). And this court has held that a private hospital in which a citizen has been involuntarily confined by court order is not acting under the color of state law in the required sense. Campbell v. Glenwood Hills Hospital, Inc., 224 F. Supp. 27 (D.Minn.1963).

These cases are to be distinguished from those involving situations such as that in Peterson v. City of Greenville, 373 U.S. 244, 83 S.Ct. 1119, 10 L.Ed.2d 323 (1963), where the statute under which defendant acted laid upon him a positive duty to deny plaintiff's federally protected rights. Surely plaintiff does not, nor could he reasonably claim that Minnesota laws required the defendant corporation to prevent or interfere with the exercise of its employees' federal rights.

The cases which plaintiff cites in his first brief only ramify the principles elicited above. In Birnbaum v. Trussell, 347 F.2d 86 (2d Cir. 1965), two of the defendants were state officials. Thus a third defendant who allegedly conspired with the state officials came within the ambit of § 1985(3), Title 42 U.S.C.A. In Birnbaum v. Trussell, 371 F.2d 672

(2d Cir. 1966) at 676, the requirement of participation of state officials is made explicit. And while the case of O'Hara v. Mattix, 255 F.Supp. 540 (W.D. Mich.1966), was decided on another ground, that court was careful to note that an action under § 1985 calls for state action. See 255 F.Supp. at 542. The plaintiff has not shown that any of the defendants were state officials.

█ This complaint and its amendment must be dismissed because the plaintiff has failed to show that the defendants acted under color of law. The defendants are a private corporation and its employees. None is paid by the state, nor is any an arm of the state or its officials. The acts complained of were not made possible because the defendants were clothed with state power. These acts were not, even if wrongful, compelled by state law. We may quote from Barnes v. Atlanta Transit Systems, Inc., 144 F.Supp. 156, 158 (N.D.Ga.1956); "where a person is * * * discharged by his employer such action even if wrong is individual and not state action."

Yet even if it were to be assumed that the defendants acted under sufficient color of authority, it is doubtful that plaintiff has stated a claim for which relief could be granted in a federal court. Sections 1983 and 1985, Title 42 U.S. C.A., and the gloss which courts have appended to them, make it clear that the rights protected are those given and guaranteed by federal law. Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L. Ed. 497 (1944); Jobson v. Henne, 355 F.2d 129 (2d Cir. 1966); Cole v. Smith, 344 F.2d 721 (8th Cir. 1965); Bryant v. Harrelson, 187 F.Supp. 738 (D.Tex. 1960).

█ Plaintiff has no constitutional right to a job with defendant employer. Love v. Chandler, 124 F.2d 785 (8th Cir. 1942); Barnes v. Atlanta Transit Systems, Inc., supra. While he certainly has a right to the free expression of his opinions, such a right does not guarantee protection from the persecution of those who set themselves as his enemies.

The complaint reveals that plaintiff was rescued from some of the early charges through the normal grievance procedure. Presumably this same channel was open at the point of his final discharge. Presumably at least colorable grounds for discharge were presented. The attempted, and finally successful discharge alone is not a denial of free speech. Jenson v. Olson, 353 F.2d 825 (8th Cir. 1965).

For the foregoing reasons the motion to dismiss is granted. The alleged evil of the defendants' conduct may be actionable in a state court, but it is not here.