Eugene W. SMITH, Plaintiff,

v.

BUCCI DETECTIVE AGENCY, Michael J. Bucci, Allegheny County, Pittsburgh, Pennsylvania, Defendant.

Civ. A. No. 70–1081.

United States District Court,
W. D. Pennsylvania.

Sept. 10, 1970.

## MEMORANDUM OPINION

GOURLEY, District Judge.

This pleading, entitled "Civil Suit for Punitive Damages", has been submitted to the Court by an inmate of a State penal institution. Plaintiff invokes the Civil Rights Statutes, more particularly 42 U.S.C. §§ 1981 and 1986. Punitive damages in excess of $500,000 are sought.

The allegations of the complaint are more fully understood when read in conjunction with the allegations asserted in plaintiff's prior proceeding in this Court at Civil Action No. 70–868. While a resident of Akron, Ohio, in 1952, plaintiff was convicted in an Ohio Court for the offense of "cutting." He was sentenced to one to twenty years imprisonment but was paroled in 1956. In 1961, plaintiff was convicted, apparently in a Ohio Court, of assault and battery. For this offense, plaintiff was placed on two years probation. In 1968, while a resident of Pittsburgh, Pennsylvania, plaintiff was convicted of violation of the Uniform Firearms Act in the Court of Common Pleas of Allegheny County, Pennsylvania. He was fined $100.00 and placed upon a three year probation.

In 1969, plaintiff sought employment with the Bucci Detective Agency, named a defendant herein. Plaintiff was hired as a probationary employee for a thirty-day period. During this period, he was expected to obtain a "clearance" from the

Office of the District Attorney of Allegheny County, Pennsylvania. Two weeks before the expiration of the thirty-day period and apparently prior to any affirmative clearance by the Office of the District Attorney, plaintiff purchased a revolver from defendant Michael J. Bucci. Subsequently, he was prosecuted for, and convicted of, violation of Section (d) of the Uniform Firearms Act, 18 P.S. § 4628(d), which makes an offense the possession of a firearm by one previously convicted of crimes of violence.

Plaintiff contends that defendant Bucci and defendant Bucci Detective Agency, an entity the nature of which has not been identified, are liable to him under 42 U.S.C. § 1986, which provides for the recovery of damages against a person who, having knowledge of a conspiracy to deprive one of equal protection of the laws and the power to prevent the same, fails to do so.

Whether Bucci Detective Agency is a sole proprietorship, association, corporation or partnership does not appear in the complaint. Regardless of its nature, it is unlikely that this entity could be regarded as a "person" within the contemplation of 42 U.S.C. § 1986.

■ In any event, the facts as alleged, even if taken as true, fail to establish a cause of action against either of the defendants under 42 U.S.C. § 1986. There is no indication in the complaint that either of the defendants, at the time of plaintiff's employment, had knowledge of plaintiff's prior convictions for crimes of violence. Without the possession of such knowledge, defendants could not have known that the sale of a gun to plaintiff could result in his prosecution.

■ Bare conclusory allegations of a conspiracy without supporting facts tending to show an unlawful agreement are insufficient. O'Hara v. Mattix, 255 F.Supp. 540 (W.D.Mich.1966). Plaintiff has not alleged concrete facts tending to establish the existence of a conspiracy of which defendants had knowledge.

■ Moreover, to establish a conspiracy of private individuals actionable under the Civil Rights Acts, a plaintiff must show that the purpose of the same was to deprive plaintiff of equal protection of the laws; a conspiracy to deprive plaintiff of due process of law is insufficient. Joyce v. Ferrazzi, 323 F.2d 931 (1st Cir. 1963). The complaint fails to establish a clear and intentional discrimination against plaintiff.

For the aforementioned reasons, it must be concluded that the complaint fails to state a claim upon which relief can be granted. An appropriate order is entered.