Calvin J. LAWSON

v.

ROCKINGHAM COUNTY et al.

Civ. A. No. 72–C–61–H.

United States District Court,
W. D. Virginia,
Harrisonburg Division.

May 7, 1973.

James R. Sipe, Conrad, Litten & Sipe, Harrisonburg, Va., for plaintiff.

Lawrence H. Hoover, Jr., County Atty., Harrisonburg, Va., for defendants.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court in the form of a "Bill of Complaint," filed *in forma pauperis*. Plaintiff asserts jurisdiction under 42 U.S.C. §§ 1983 and 1985 and alleges deprivation of his constitutional rights under color of state law. The court notes that plaintiff brings this action against Rockingham County; however, municipal corporations, states and counties are not within the ambit of § 1983, which makes persons liable for deprivation of rights, privileges or immunities secured by the Constitution and laws. Sires v. Cole, 320 F.2d 877 (9th Cir. 1963). The court therefore dismisses the action against Rockingham County. Furthermore, the court does not find jurisdiction under 42 U.S.C. § 1985, for there is no allegation of conspiracy, nor is there any showing of facts to support the conspiracy. O'Hara v. Mattix, 255 F.Supp. 540 (W.D. Mich.1966).

Plaintiff alleges that on July 30, 1970, he was an inmate of Rockingham County Jail and that he and the other inmates were confronted by Chief Jailor Aubrey Strawdone (E. A. Strawderman), the brother of Sheriff A. L. Strawderman, who informed them that the daughter of jailor Pete Hook (John Hook) had been wounded by gunshot and needed blood. Plaintiff states that Strawderman informed the inmates that he was authorized to stipulate that any inmate who made a donation of blood would receive a reduction in sentence. Plaintiff donated one pint of blood on July 30, 1970 and claims that the defendant failed to execute his part of the contract. He states that several misdemeanants were released after they gave blood and he was not. He has since been transferred to the Viginia State Penitentiary, where he is presently serving his sentence. He seeks $10,000 in damages.

The defendants move to dismiss this action on the grounds that the court lacks jurisdiction because the claim does not arise under the Constitution, laws or treaties of the United States. Furthermore, defendants state that the complaint fails to state a claim against the defendants upon which relief can be granted.

The defendants have filed affidavits in support of their motion to dismiss in which they state that Lawson volunteered to donate a pint of blood and that at no time was he told, or was it implied, that he would receive any reduction in his sentence. Previously, Lawson was convicted of a felony and had been re-

turned to Rockingham County Jail at the time of the incident for a hearing. Defendant E. A. Strawderman states that no promises were made by him to Lawson as to a reduction in sentence, although Lawson was told that it was a practice that any inmate donating blood would be allowed ten days from any jail sentence. Defendant states that at no time was Lawson told that a reduction could be given from his penitentiary sentence. He states that Lawson fully understood this and as a result of the hearing he was sent back to the state penitentiary.

This court questions whether it has jurisdiction under § 1983, since it does not appear that Lawson was deprived of any rights, privileges or immunities secured by the Constitution and laws. Even if a promise of reduction of sentence was made, it was beyond the jailor's authority once the prisoner was returned to the state penitentiary. The jailor of Rockingham County would have no authority to reduce a sentence being served by a felon in a state prison. Furthermore, there was no right which plaintiff had under the Constitution and laws of the United States to have his sentence reduced.

■ The court also is of the opinion that the complaint fails to state a claim against the defendants upon which relief can be granted. There is no evidence of coercion in this case. The prisoner voluntarily donated a pint of his blood. Therefore, no matter what defendants' representations were, plaintiff's claim does not reach the level of a constitutional deprivation of rights. Therefore, the court dismisses the allegation against the defendants, as plaintiff has not stated a cause of action against them.

Accordingly, for the above-stated reasons, the defendants' motion to dismiss is granted. It is therefore adjudged and ordered that the plaintiff's complaint be dismissed.

The clerk is directed to send a certified copy of this order to counsel of record.